UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. KALEEM ARSHAD AND NADEEM S. ARSHAD, INDIVIDUALLY AND ON BEHALF OF DECEDENT, DR. JAMEELA ARSHAD | : : : : | CIVIL ACTION NO. 06-0059 |
| VERSUS | : : | JUDGE ZAINEY |
| NICK CONGEMI, ET AL. | : : | MAGISTRATE KNOWLES |

## ANSWER

NOW INTO COURT, through undersigned counsel, come defendants, City of Kenner, State of Louisiana; Nick Congemi, in his official capacity as Chief of Police for the City of Kenner, State of Louisiana; Kenner Police Department; Gerald Miller; Ryan Krummel; Kimberlyn Bright; and Emile Sanchez, who, in answer to the Complaint filed by plaintiffs, Kaleem Arshad and Nadeem Arshad, respectfully represent:

I.

The Complaint fails to state a claim against these defendants for which relief may be granted.

II.

This Court lacks jurisdiction over this matter.

III.

Defendants are entitled to immunity or qualified immunity for the claims advanced in these proceedings.

IV.

Now answering the specific allegations contained in the Complaint, defendants aver:

1.

The allegations contained in Paragraph One (1) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

2.

The allegations contained in Paragraph Two (2) of the Complaint do not require an answer of these defendants.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

3.

The allegations contained in Paragraph Three (3) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph Four (4) of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph Five (5) of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph Six (6) of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph Seven (7) of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph Eight (8) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph Nine (9) of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph Ten (10) of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph Eleven (11) of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph Twelve (12) of the Complaint are denied.

13.

The allegations contained in Paragraph Thirteen (13) of the Complaint are denied.

14.

The allegations contained in Paragraph Fourteen (14) of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph Fifteen (15) of the Complaint are denied.

16.

The allegations contained in Paragraph Sixteen (16) of the Complaint are denied.

17.

The allegations contained in Paragraph Seventeen (17) of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph Eighteen (18) of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph Nineteen (19) of the Complaint are denied.

20.

The allegations contained in Paragraph Twenty (20) of the Complaint are denied.

21.

The allegations contained in Paragraph Twenty-one (21) of the Complaint are denied.

22.

The allegations contained in Paragraph Twenty-two (22) of the Complaint are denied.

23.

The allegations contained in Paragraph Twenty-three (23) of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph Twenty-four (24) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

25.

The allegations contained in Paragraph Twenty-five (25) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

26.

The allegations contained in Paragraph Twenty-six (26) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

27.

The allegations contained in Paragraph Twenty-seven (27) of the Complaint do not require an answer of these defendants. Further, the allegations contain conclusions of law and, therefore, do not require an answer.

28.

The allegations contained in Paragraph Twenty-eight (28) of the Complaint are denied.

29.

The allegations contained in Paragraph Twenty-nine (29) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

30.

The allegations contained in Paragraph Thirty (30) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

31.

The allegations contained in Paragraph Thirty-one (31) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

32.

The allegations contained in Paragraph Thirty-two (32) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

33.

The allegations contained in Paragraph Thirty-three (33) of the Complaint are denied.

34.

The allegations contained in Paragraph Thirty-four (34) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

35.

The allegations contained in Paragraph Thirty-five (35) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

36.

The allegations contained in Paragraph Thirty-six (36) of the Complaint contain conclusions of law and, therefore, do not require an answer of these defendants. However, should an answer be deemed necessary, the allegations are denied.

37.

The allegations contained in Paragraph Thirty-seven (37) of the Complaint are denied.

38.

The allegations contained in Paragraph Thirty-eight (38) of the Complaint are denied.

39.

The allegations contained in Paragraph Thirty-nine (39) of the Complaint are denied.

40.

The allegations contained in Paragraph Forty (40) of the Complaint are admitted only to the extent that Gemini Insurance Company issued a policy of insurance to the City of Kenner, State of Louisiana.

41.

The allegations contained in Paragraph Forty-one (41) of the Complaint do not require an answer of these defendants.

V.

Defendants aver that Jameela Arshad assumed certain risks or was comparatively or contributorily negligent or at fault, such that plaintiffs' claims are barred. Alternatively, plaintiffs' damages, if any, must be substantially reduced based upon Ms. Arshad's actions.

VI.

In further answering, defendants aver that plaintiffs' damages, if any, were the result of the fault of a third party for which these defendants are in no way responsible.

VII.

Defendants aver that plaintiffs' damages, if any, were the result of a pre-existing condition afflicting Jameela Arshad that resulted in Ms. Arshad's death.

VIII.

Defendants are entitled to attorney's fees and costs, pursuant to 42 U.S.C. § 1988.

IX.

Defendants are entitled to certain limitations of liability and on damages as provided by law.

Wherefore, defendants pray that, after due proceedings are had, judgment be entered in favor of defendants and against plaintiffs, dismissing this matter with prejudice at plaintiffs' costs.

Respectfully Submitted,

**LUNDY & DAVIS, L.L.P.**

_____
SAMUEL B. GABB, 22378
P. O. Box 3010
Lake Charles, LA 70602
(337) 439-0707

Attorneys for City of Kenner, State of Louisiana; Nick Congemi, in his official capacity as Chief of Police for the City of Kenner, State of Louisiana; Gerald Miller; Ryan Krummel; Kimberlyn Bright; and Emile Sanchez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been forwarded to all counsel of record by depositing a copy of the same in the United States mail, postage prepaid and properly addressed. Lake Charles, Louisiana, this 1st day of February, 2006.

SAMUEL B. GABB